Luis Sanchez NIETO, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75962.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Luis Sanchez Nieto, Visalia, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kristin K. Edison, Esq., M. Jocelyn Wright, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Luis Sanchez Nieto, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

# 234

continuous physical presence determination for substantial evidence. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We grant the petition for review and remand.

An intervening change in the law requires us to remand on the issue of continuous physical presence. In *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619 (9th Cir. 2006), we held that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure and knowingly and voluntarily accept the terms. *See also Tapia v. Gonzales,* 430 F.3d 997, 1004 (9th Cir.2005). In the record, there is no indication that Sanchez Nieto was informed of the terms of his first departure or that he accepted them voluntarily or knowingly, and his second departure appears to be a border turnaround. At the time the agency addressed these issues it did not have the benefit of our decisions in *Ibarra–Flores* and *Tapia.*

Accordingly, we grant the petition for review and remand for further proceedings consistent with *Ibarra–Flores* and *Tapia.*

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.